FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ADAM SOSA,<br><br>*Defendant.* | HONORABLE KAREN M. WILLIAMS<br><br>Criminal No. 05-cr-230 (KMW)<br><br>**OPINION** |

**WILLIAMS, United States District Judge.**

**THIS MATTER** comes before the Court upon *pro se* Defendant Adam Sosa's ("Defendant") Letter-Motion ("Motion") to run his sentence for Violation of Supervised Release ("VOSR") concurrently with his 18-year State of New Jersey sentence for aggravated manslaughter. (Dkt. No. 35.) The Government opposes the Motion. (Dkt. No. 39.)

For the reasons that follow, Defendant's Motion is **DENIED**.

## I.    BACKGROUND

On April 5, 2005, Defendant was indicted by a Grand Jury and charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Dkt. No. 1.) On December 20, 2005, Defendant pled guilty. (Dkt. Nos. 19, 20, 21.) On March 29, 2006, the Court sentenced Defendant to a 65-month term of imprisonment followed by 3 years of Supervised Release. (Dkt. Nos. 22, 23.) On July 14, 2010, Defendant began his Supervised Release term. (Dkt. No. 26.)

On July 17, 2012, while on Supervised Release, Defendant was charged with homicide based on an allegation that he shot Franklin Morales on July 14, 2012, after a verbal dispute. (Petition for Warrant or Summons for Offender Under Supervision ("Petition"), Dkt. No. 27.) That Petition was signed by the Court on July 18, 2012, and an arrest warrant was issued. (Dkt. No. 28.)

On November 14, 2014, Defendant was sentenced to a term of 18-years' incarceration for committing Aggravated Manslaughter in violation of N.J.S.A. 2C:11-4A. State of New Jersey, Department of Corrections, Inmate Details, https://www-doc.state.nj.us/DOC_Inmate/details ?x=1280168&n=0 (last visited June 8, 2026).[1] Defendant's maximum release date and parole eligibity date is November 5, 2027. (*Id.*)

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 32.1, the Court must hold a hearing before it can sentence Defendant for a VOSR. Fed. R. Crim. P. 32.1(b)(2). At the revocation hearing, Defendant is entitled to the following rights:

> (A) written notice of the alleged violation; (B) disclosure of the evidence against the person; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation.

(*Id.*)

The U.S. Sentencing Guidelines, although advisory, provide that "any term of imprisonment imposed upon the revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." U.S.S.G. § 7B1.3(f). The Sentencing Commission "strong[ly] prefer[s] . . . imposing a consecutive sentence to the extent necessary to provide an incremental penalty." *United States v. Swan*, 275 F.3d 272, 283 (3d Cir. 2002). "A consecutive sentence is not mandatory, however, and a district court may 'exercise its discretion and be guided by its own view of what is needed in the way of an incremental penalty

---

[1] The Court takes judicial notice of Defendant's Inmate Details publicly available on the State of New Jersey, Department of Corrections' website. *See* Fed. R. Evid. 201.

in the particular setting.'" *United States v. Walker*, 848 F. App'x 494, 498 (3d Cir. 2021) (quoting *Swan*, 275 F.3d at 283).

The United States Supreme Court has held that the Interstate Agreement on Detainers Act, which mandates the immediate transfer of a prisoner to another jurisdiction when detainers are lodged on untried criminal charges, is inapplicable to parole revocation detainers. *Carchman v. Nash*, 473 U.S. 716, 726 (1985) (citing Interstate Agreement on Detainers Act, 18 U.S.C. App. § 2, Art. III(a)). The Court has further held that there is no constitutional duty to provide an adversary parole hearing to prisoners until they are taken into custody as parole violators. *See Moody v. Daggett*, 429 U.S. 78, 89 (1976).

## III.    DISCUSSION

Defendant seeks to run his future incarceration for his VOSR concurrently with his state sentence. (*See* Dkt. No. 35.) His sentence for VOSR, however, is speculative and uncertain. Thus, it does not have "any present or inevitable effect" upon Defendant's liberty interest. *Moody*, 429 U.S. at 87. For that reason, a decision to run a sentence that has not yet been imposed is conjectural at this stage and may ultimately prove unnecessary. *See United States v. Romero*, 511 F.3d 1281, 1284-85 (10th Cir. 2008) (affirming district court dismissing as premature petitioner's request for an immediate determination of whether supervised release should run concurrently with his state prison sentence); *see also Cambell v. United States*, No. 11-4659, 2011 WL 4460359, at *1 (E.D.N.Y. Sept. 26, 2011) (denying petition for writ of habeas corpus seeking to sentence petitioner for VOSR to run concurrent with state sentence).

Indeed, upon completing his state sentence, Defendant may renew his request not to serve any additional time in light of the time served for his underlying offense. *See Romero*, 511 F.3d at 1283 ("If he is sentenced for a supervised release violation at the end of his [current] state

3

confinement, nothing precludes the district court from giving him credit for time served."); *see also Hudson v. United States*, No. 10-0116, 2010 WL 3021908, at *2 (E.D.N.Y. July 29, 2010) (noting the court could adjust the sentence for violation of supervised release "perhaps even by not sentencing him to any more time for violating his supervised release in light of his state custody.").

Here, the Court finds Defendant's request premature because he has not yet completed his state sentence and his federal warrant has not yet been executed pursuant to his detainer. Moreover, the Court does not know whether Defendant will have completed his state sentence without incident or what posture his VOSR sentencing may assume by the time the Court conducts his revocation hearing. As the Supreme Court observed in *Moody*, "[t]his is uniquely a 'prediction as to the ability of the individual to live in society without committing antisocial acts.'" 429 U.S. at 89 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). "In making this prophecy, a parolee's institutional record can be perhaps one of the most significant factors." *Id.* Furthermore, the Sentencing Guidelines, albeit advisory, suggest that the Court view the commission of a new crime while on supervised release "as a breach of trust inherent in the conditions of supervision," and thus "the sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new conduct." U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt.

Finally, the Court declines to exercise its discretion to grant a Writ of Habeas Corpus to bring Defendant before the Court for a Revocation of Supervised Release hearing. *See Cambell*, 2011 WL 4460359 at *2. If the Court granted a Writ of Habeas Corpus, it would have the option of imposing a concurrent sentence. *See* 18 U.S.C. § 3584(a) ("[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively[.]"). Because the Court's "primary consideration in handing down a revocation sentence is the defendant's breach of trust," *United States v. Dees*, 467 F.3d

4

847, 853 (3d Cir. 2006), however, the Sentencing Commission recommends that "[a]ny term of imprisonment imposed upon the revocation of supervised release generally should be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release." U.S.S.G. § 7C1.4(b); *see United States v. Iezzi*, 222 Fed. App'x 208, 209 (3d Cir. 2007).

For these reasons, the Court will require Defendant to complete his state sentence before conducting a VOSR hearing, so that the Court may consider Defendant's conduct on Supervised Release and in prison, to determine if it warrants a consecutive sentence as punishment for breaching the Court's trust. At that time, Defendant may renew his request to credit time served toward his federal sentence for VOSR, based on the circumstances present then.

Accordingly, the Court denies Defendant's request to run his sentence for VOSR concurrently with his state sentence.

IV.    **CONCLUSION**

For all the foregoing reasons, Defendant's Motion (Dkt. No. 35) is **DENIED**. The Court will issue an Order consistent with this Opinion.

Dated: June 12, 2026

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

5